IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                 No. CR 20-1427 JB

DEREK NICHOLAS PADILLA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Objections to Presentence Investigation Report and Sentencing Memorandum, filed January 29, 2021 (Doc. 38); and (ii) Amended Objections to Presentence Investigation Report, filed February 12, 2021 (Doc. 42)("Amended Objections"). The primary issues are: (i) whether Defendant Derek Nicholas Padilla's base offense level should be 20 under § 2k2.1(a)(4)(B) of the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"), when Padilla was not aware that his medical condition -- opioid dependence -- prohibited him from possessing firearms under 18 U.S.C. § 922(g)(3); and (ii) whether a 4-level adjustment for "use[ing] or possess[ing] any firearm or ammunition in connection with another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B) applies to Padilla's conviction, because Padilla's possession of stolen firearms did not facilitate the crime of possession of stolen firearms. The Court overrules both objections.

The Court overrules Padilla's first objection, and concludes that under U.S.S.G. § 2K2.1(a)(4)(B), the United Stated does not need to demonstrate that Padilla knew his opioid dependence made it illegal for him to possess a firearm, because (i) Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (2019), does not apply to § 2k2.1(a)(4)(B); (ii) there is no scienter requirement under § 2k2.1(a)(4)(B) that Padilla knew he was a prohibited person; (iii) Padilla is a

- 2 -

"prohibited person," because he admits to opioid dependence, see U.S.S.G. § 2k2.1(a)(4)(B), Application Note 3 ("For purposes of subsections (a)(4)(B) and (a)(6), 'prohibited person' means any person described in 18 U.S.C. § 922(g) . . . .")(quoting U.S.S.G. § 2k2.1(a)(4)(B)); 18 U.S.C. § 922(g)(3)(making it unlawful for a person to be "an unlawful user of or addicted to any controlled substance"); and (iv) ignorance of the law is not a defense.

The Court overrules Padilla's second objection, and concludes that the 4-level adjustment under § 2k2.1(b)(6)(B) applies here even though "Padilla's possession of said firearms did not 'facilitate' or make the crimes of stealing and possessing stolen firearms any 'easier,'" Amended Objections ¶ 9, at 3 (quoting both United States v. Marrufo, 661 F.3d 1204, 1207 (10th Cir. 2011); United States v. Ortiz, 457 F. Supp. 3d 1129, 1142 (D.N.M. 2019)(Browning, J.)), because "Application Note 14(B) is controlling," United States v. Morris, 562 F.3d 1131, 1136 (10th Cir. 2009). See Stinson v. United States, 508 U.S. 36, 38 (1993)(holding that commentary issued by the Sentencing Commission to interpret or explain a Guideline is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Under § 2k2.1(b)(6)(B), "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense . . . increase [the base offense level] by 4 levels." U.S.S.G. § 2k2.1(b)(6)(B). The Guideline's Application Note 14(B) explains that § 2k2.1(b)(6)(B) applies where "a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1, Application Note 14(B). "Nothing in that guideline suggests that a contemporaneous crime cannot be considered 'another' offense." United States v. Morris, 562 F.3d at 1135. Here, Padilla "broke into a storage facility. . . to convert property from the storage facility for his own gain," including "nine firearms," Revised Presentence Report ¶ 20,

- 3 -

at 8, filed December 18, 2020 (Doc. 33); therefore, the 4-level adjustment § 2k2.1(b)(6)(B) applies, see U.S.S.G. § 2K2.1, Application Note 14(B); United States v. Morris, 562 F.3d at 1135 (concluding that § 2k2.1(b)(6)(B) applies where the defendant was convicted of being a felon-in-possession after he admitted to stealing a rifle during a burglary).

**IT IS ORDERED** that the Objections in the Defendant's Objections to Presentence Investigation Report and Sentencing Memorandum, filed January 29, 2021 (Doc. 38) and the Amended Objections to Presentence Investigation Report, filed February 12, 2021 (Doc. 42) are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Allison Jaros
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Stephen A. Taylor
  Federal Public Defender
Office of the Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*